**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4799**
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MARY DURDEN BRADDOCK; ROY WILSON BRADDOCK,

                    Defendants - Appellants.

_____

**No. 10-4802**
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JONATHAN LEVINER,

                    Defendant - Appellant.

_____

Appeals from the United States District Court for the District of South Carolina, at Florence. Cameron McGowan Currie, District Judge. (4:09-cr-01173-CMC-3; 4:09-cr-01173-CMC-5)

_____

Submitted: December 21, 2010        Decided: February 3, 2011

_____

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

---

Lionel S. Lofton, LOFTON AND LOFTON, Charleston, South Carolina; Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellants.  William N. Nettles, United States Attorney, Nathan S. Williams, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mary Durden Braddock, Roy Wilson Braddock, and Jonathan Leviner appeal from their convictions following guilty pleas to offenses relating to illegal cockfighting and gambling activities.[1] On appeal, they challenge the district court's denial of their motion to dismiss for selective prosecution or, in the alternative, for discovery in support of their selective prosecution claim. Finding no reversible error, we affirm.

We review de novo a district court's denial of a motion to dismiss an indictment where the denial depends on a question of law. United States v. Hatcher, 560 F.3d 222, 224 (4th Cir. 2009). The government ordinarily has wide latitude in deciding whether to prosecute; however, equal protection forbids basing the decision "on 'an unjustifiable standard such as race, religion, or other arbitrary classification.'" United States v. Armstrong, 517 U.S. 456, 464 (1996) (quoting Oyler v. Boles, 368 U.S. 448, 456 (1962)). "In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present 'clear evidence to the contrary,'"

---

[1] Mary Braddock and Roy Braddock each were convicted of one count of conspiracy to violate the Animal Welfare Act and to engage in an illegal gambling business, in violation of 18 U.S.C. § 371 (2006). Leviner was convicted of one count of knowingly sponsoring or exhibiting an animal in an animal fighting venture, in violation of 7 U.S.C. § 2156(a)(1) (2006) and 18 U.S.C. § 2 (2006).

demonstrating that the government was motivated by a discriminatory purpose to adopt a prosecutorial policy with a discriminatory effect. Id. at 465. To make this showing, a defendant must establish that (1) "similarly situated individuals of a different race were not prosecuted"; and (2) "that the decision to prosecute was invidious or in bad faith." United States v. Olvis, 97 F.3d 739, 743 (4th Cir. 1996) (internal quotation marks and citations omitted).

We also review de novo a district court's disposition of a motion for discovery in support of a selective prosecution claim. United States v. Lighty, 616 F.3d 321, 370 (4th Cir. 2010). Because discovery imposes high costs on the government, the standard for obtaining discovery in support of a selective prosecution claim is only slightly lower than for a dismissal; rather than presenting clear evidence, the defendant must produce *some* evidence demonstrating discriminatory effect and discriminatory intent. Olvis, 97 F.3d at 743.

Appellants argue that the district court should have dismissed the indictment or granted leave to obtain discovery because they, as Caucasians, were prosecuted federally, while two Hispanic co-conspirators and thirty-six Hispanic people arrested in connection with another cockfighting ring in Hampton County, South Carolina, faced only state charges. For the

4

reasons that follow, we disagree, and thus hold that the district court did not err when it dismissed Appellants' motion.

First, Appellants did not show that they were similarly situated to the Hispanic defendants who were not prosecuted federally. "[D]efendants are similarly situated when their circumstances present no distinguishable legitimate prosecutorial factors that might justify making different prosecutorial decisions with respect to them." Id. at 744. Here, Appellants were engaged in a fairly sophisticated interstate cockfighting venture that was dissolved by way of a federal undercover investigation. The evidence Appellants produced from the other cockfighting ring, on the other hand, shows only that the defendants were involved in one instance of cockfighting, which did not necessarily involve any use of interstate commerce as required by the statutes under which Appellants were charged. The only similarities that Appellants established were that both their case and the Hampton County case involved cockfighting and the South Carolina Department of Natural Resources, a state agency. Such superficial similarities are insufficient to show that individuals prosecuted differently were similarly situated.[2]

---

[2] Although Appellants argue that they were selectively prosecuted as compared to their Hispanic co-conspirators, they made no attempt to show that they and their co-conspirators were
(Continued)

5

Additionally, Appellants did not show that the Government's decision to prosecute them was invidious or in bad faith. Instead, in their motion to dismiss and on appeal, Appellants contend that the only logical conclusion to be drawn from the fact that Appellants were prosecuted federally and the Hispanic defendants were not is that the decision was invidious and in bad faith. This conclusory argument is not evidence that the prosecutor acted in bad faith or with discriminatory intent.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

similarly situated. We therefore hold that Appellants also failed to satisfy their burden with respect to the Hispanic co-conspirators.

6